IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION No. H-13-48-3 |
| v. | § | |
| | § | CIVIL ACTION No. H-16-3270 |
| JALAN WILLINGHAM. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Jalan Willingham filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket Entry No. 401). The Government filed a corrected motion to dismiss (Docket Entry No. 420) on March 13, 2017, and served a copy on Defendant that same date. The Court's docket shows that Defendant has failed to respond to the Government's motion, and the motion is deemed uncontested.

Having considered Defendant's section 2255 motion, the Government's corrected motion to dismiss, the record, and the applicable law, the Court **GRANTS** the corrected motion to dismiss and **DISMISSES** the section 2255 motion as barred by waiver.

**I. BACKGROUND AND CLAIMS**

On September 18, 2014, Defendant executed a written plea agreement and pleaded guilty to one count of conspiracy to commit mail fraud in violation of 18 U.S.C. §§ 1341 and 1349, one count of wire fraud in violation of 18 U.S.C. § 343, and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A. The Court sentenced him to 132 months' federal imprisonment on December 8, 2015, and no appeal was pursued.

Defendant raises the following claims for relief in this section 2255 proceeding:

(1) He was a minor participant in the crime and should have been awarded a "two-level minor role reduction" in light of the Amendment 794 to the Sentencing Guidelines.

(2) Trial counsel was ineffective for failing to challenge the "number of victims" guideline enhancement.

(3) Trial counsel was ineffective "in failing to consult with petitioner concerning filing an appeal," despite being informed that he wished to file an appeal.

The Government argues that these claims were waived by Defendant's written plea agreement and should be dismissed.

## II. LEGAL STANDARDS

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on

direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

### III. WAIVER

Defendant executed a written plea agreement, in which he agreed to the following:

> 7. Defendant is aware that he has the right to appeal the conviction and sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Defendant knowingly and voluntarily agrees to waive the right to appeal the conviction and the sentence. Defendant is also aware that 28 U.S.C. § 2255 affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. Defendant knowingly and voluntarily waives the right to contest his conviction or sentence by means of any post-conviction proceeding.

(Docket Entry No. 193, p. 5.)

A defendant's waiver of his right to pursue relief under section 2255 is generally enforceable if the waiver is both knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Although a waiver does not preclude collateral attack where the defendant alleges ineffective assistance of counsel that directly affected the validity of the waiver itself or the defendant's plea, Defendant here does not challenge the knowing or voluntary nature of his plea agreement or waiver. *See United States v. White*, 307 F.3d 366, 343 (5th Cir. 2002).

To the contrary, Defendant's own testimony at his re-arraignment hearing would refute any claim that his plea agreement waiver was involuntary ad unknowing. During the hearing, Defendant testified on the record in open court that he was pleading guilty

3

voluntarily and no one had threatened or forced him to plead guilty; that no one had offered him anything in exchange for his guilty plea; that he was satisfied with counsel's representation; and that his agreement contained a waiver of his right to appeal or collaterally attack his conviction and sentence. (Docket Entry No. 415, pp. 4–12.) This Court found that Defendant's plea of guilty was knowing and voluntary and was supported by an independent basis in fact. *Id.*, p. 13. Defendant's statements at rearraignment "carry a strong presumption of verity," *Wilkes*, 20 F.3d at 653, and carry great weight in assessing the knowing and voluntary nature of his plea and waiver.

Defendant here has provided no evidence or argument that he did not understand the implications of his plea agreement waiver, or that it was not knowing and voluntary. Nor does he contest or otherwise controvert the Government's argument that his section 2255 petition is barred by waiver. Accordingly, Defendant's plea agreement waiver forecloses the instant section 2255 motion, and the Government is entitled to dismissal of this proceeding as barred by waiver.

## IV. CONCLUSION

The Government's corrected motion to dismiss (Docket Entry No. 420) is **GRANTED**, and the motion to dismiss (Docket Entry No. 419) is **DENIED AS MOOT**. Defendant's section 2255 motion (Docket Entry No. 401) is **DENIED**. A certificate of appealability is **DENIED**.

The Clerk of Court is **ORDERED TO ADMINISTRATIVELY CLOSE** Civil Action No. H-16-3270 (S.D. Tex.).

SIGNED at Houston, Texas, on this the 11th day of June, 2018.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE